# Black's Appeal.

The use of the firm name in a mechanic's lien filed, is a sufficient designation of the party claimant, without the use of the individual name of each member of the firm.

APPEAL by Dr Alexander Black from the decree of the Common Pleas of *Allegheny* county, distributing the proceeds of the sale by the sheriff of the real estate of Archibald M'Clelland.

The appellant having a judgment for a certain sum of money against Archibald M'Clelland, which bound his real estate at the time it was sold by the sheriff under the judicial process of the court, claimed to have his judgment paid out of the money raised by the sale after it was brought into court. Robert Dalzell, William, John Dalzell, and Stewart Dalzell, being house-carpenters, and having associated under the firm of " Robert Dalzell and Brothers," for the purpose of carrying on their business jointly together, as house-carpenters, had done carpenter work in the construction of a building, erected on the estate sold, the price whereof amounted to a certain sum of money; for which they filed a statement, showing the nature and amount of it, in the name of " Robert Dalzell & Brothers," as the *claimants*, and not in their

individual names.   This claim, if good as a lien on the estate, was prior in date to the lien under the judgment of Black, and therefore entitled to a preference.   Black, however, objected to it, on the ground that the Dalzells had not set forth in their claim filed, the proper name of each of the *claimants*, but designated themselves merely by the name of the firm, which they had assumed. The court below (Patton, President) was of opinion that such strictness was not required by the Act of Assembly, and therefore decreed that their claim as *mechanics* should be first paid. · Black took an appeal to this court, for the purpose of having it reviewed.

*Black*, for appellant.   The Act requires that the names " of the party claimant" shall be set out.   A *scire facias* could not issue upon this claim as filed without the introduction of new names not now upon the record.   If it issued in the name of the present party claimant, a plea in abatement would defeat the claim. · 2 *P. A. Browne* 150 ; 8 *Watts* 479 ; 10 *Watts* 51 ; 8 *Watts* 479 ; 10 *Serg. & Rawle* 257 ; 2 *Troub. & Hal.* 423. ·

*M'Candless* and *M'Clure, contra*, argued that all that was necessary was a substantial compliance with the Act of Assembly, and that it was not to be construed strictly for the purpose of defeating a claim to which the defendant had no objection.   14 *Serg. & Rawle* 320 ; 6 *Whart.* 187 ; 10 *Watts* 440 ; 5 *Watts* 273 ; 4 *Watts* 456.   If it were necessary to issue a *scire facias* upon this claim, there could be no objection to the introduction of the names of all the partners.

The opinion of the Court was delivered by
KENNEDY, J.—The only question raised in the case is, whether the filing of the claim in the name of " Robert Dalzell & Brothers" for carpenter-work done in the construction of a building put up on the estate, by Robert Dalzell, William John Dalzell, and Stewart Dalzell, as partners in that line of business, "Robert Dalzell & Brothers" being the name which they assumed as a firm, and under which they agreed to do business as carpenters, be a substantial compliance, in this particular, with the Act of Assembly of the 16th of June 1836.   The words of the Act, in this respect, are, "The *names* of the party *claimant* must be set forth," &c.   It may, in the first place, be well enough to remark here, that the objection taken to the statement of the mechanics' lien, is not made by M'Clelland, the party and owner of the estate for whom the work was done, but by one of his judgment creditors; though I do not know or think that the decision of the question presented ought to be different, if the objection were made by M'Clelland himself.   It is plain that the object of the Act, in directing that the name of the claimant should be set forth in the statement was, that it might be ascertained whether he was a person *in rerum natura* or not;

[Black's Appeal.]

and who he was; so that the party whose property was attempted
or intended to be charged by filing the statement, as also his credi-
tors, and indeed all concerned, might know who the claimant was,
and inquire, if necessary, into the truth of his claim.   Here the
proper name of Robert Dalzell, one of the claimants, is set forth
in the statement.   Now, this would seem to be sufficient to satisfy
the object of the Act, as it enabled every one, upon inquiry, not
only to ascertain who he was, but likewise who his partners or
brothers were.   It is admitted that Robert Dalzell is a real per-
son, known by that name, and most likely by no other; and if his
brothers, as indicated by the words " & Brothers" being inserted
in the statement as claimants, were jointly interested with him in
it, or supposing that they were not, but that he was the sole owner
of the claim himself, it is difficult, if not impossible, to discover
any good reason why the validity of either the claim or the lien
of it should be affected by the circumstance of their being inter-
ested or not in it.   It is sufficient to answer all the purposes of
the Act, that the claim is filed in the name of the firm, which
gives the proper name in full of one of the claimants at least.
Books of account belonging to a firm are uniformly kept in the
name of the firm, and charges made every day in them under that
name; yet no one ever supposed that the books containing those
charges, were not evidence to support them, when established by
the testimony of the party by whom the charges were so entered.
So notes, bonds, and even judgment bonds, have been and are
almost uniformly taken by a firm in the name of the firm, and
have ever been held good.   And in cases of suits being brought
to recover claims founded on such book accounts, notes or bonds,
the proper names of the several persons composing the firm may,
when necessary, be introduced and set forth, by suitable aver-
ments, upon the record.   So in the case of a *scire facias* sued out
upon a mechanic's lien filed in the name of a firm, as claimants,
the names of the individual members thereof, may be disclosed
and set forth in the *scire facias*, as it would not be repugnant to,
but perfectly consistent with, and merely explanatory of the
statement of the claim as filed in the prothonotary's office.

Decree affirmed.